IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JONAS YBARRA, JR. § | |
| § | |
| V. § | CIVIL ACTION NO._____ |
| § | |
| TEXAS HEALTH AND HUMAN § | |
| SERVICES COMMISSION, § | |
| ADELA M. GONZALEZ, JAY WONG § | |
| JORGE PERRY, FERNANDO DE LA § | |
| LUNA AND MARIO GOMEZ § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff JONAS YBARRA, JR., herein after referred to as Mr. Ybarra, by and through his attorneys of record, hereby alleges as follows for his complaints against Texas Health and Human Services Commission under Title VII of the Civil Rights Acts of 1964. State employees ADELA M. GONZALEZ and JAY WONG acted in concert with federal employees JORGE PERRY, FERNANDO DE LA LUNA and MARIO GOMEZ, and acted under color of law, in their personal capacities, in a conspiracy to deprive Mr. Ybarra of his civil rights, in **violation** of the Prohibited Personnel Practices Act. Fernando de la Luna, with the aid of Adela M. Gonzalez and Jay Wong converted personal property of Mr. Ybarra's.

### I. JURISDICTION, VENUE, AND PARTIES

1. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. Sections 1331 (Federal Question) and Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. sections 2000e, *et. seq.* ("Title VII"). Injunctive and declaratory relief, damages, and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. §2000e-5(f) and (g) and 42 U.S.C. §1981a and 42 U.S.C. §1983 and 42 U.S.C. §1985 and 42 U.S.C. §1988 and 5 U.S.C. §2302 and

*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("Bivens"), and, under the pendant jurisdiction, the Texas common law tort of conversion.

2. Plaintiff, Jonas Ybarra, Jr. (Mr. Ybarra or Plaintiff) resides in South Padre Island Texas and at all times relevant to the actions in this Complaint, was employed in Pharr, Hidalgo County, Texas by the Defendant Texas Health and Human Services Commission or making application for employment in Cameron County, Texas. Mr. Ybarra applied for employment and was thwarted by retaliation at City of Port Isabel in Cameron County, Texas. Also, while residing in Cameron County, he made multiple other applications for employment that were thwarted by the retaliation of the defendants. Both Hidalgo County and Cameron County are in the Southern District of Texas. Mr. Ybarra is protected from retaliation for complaints of discrimination and/or retaliation by Title VII. Mr. Ybarra was at relevant times an employee within the meaning of Title VII.

3. Defendant Texas Health and Human Services Commission ("Commission" or "HHSC") is a state agency and may be served with process by serving its Commissioner, Dr. Kyle L. Janek, at the Brown-Healy Building, 4900 N. Lamar, Austin, Texas 78751.

4. Defendants, Adela M. Gonzalez and Jay Wong were, at all times relevant, State employees of the Texas Health and Human Services Commission (Commission). The Texas Health and Human Services Commission is an "employer" within the meaning of section 701(b) of Title VII in that it engages in industry affecting commerce and employed more than fifteen (15) regular employees at all times relevant to the facts and assertions in this Complaint. This employer employs more than 500 employees Gonzalez and Wong may be personally served as at Texas Health and Human Services Commission, 1503 W. Polk Ave, Pharr, TX 78577

5. Defendants, Jorge Perry, Fernando de la Luna and Mario Gomez, federal law enforcement employees who acted under color of law and abused their power and authority are employed by the federal government and may be served as follows: U.S. Department of Homeland Security, 800 Franklin Avenue, Waco, Texas, 76701.

6. The employment practices alleged to be unlawful herein were committed within the Southern District of Texas. Because the unlawful employment practices complained of herein occurred within the State of Texas, venue is proper in the Southern District of Texas pursuant to §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3). Moreover, venue is appropriate in the Brownsville division based on interference with job opportunities of Mr. Ybarra in his application for employment at the City of Port Isabel in Cameron County, Texas and the Executive Office for Immigration Review in Cameron County, Texas, and because the papers and some witnesses supporting this case are in the Brownsville Division. Further, 28 U.S.C. §1391(b) supports venue in this district because it is the district in which a substantial part of the events or omissions giving rise to the claim occurred. Further, because Defendants Jorge Perry and Fernando de Luna were federal employees when they committed these acts and venue is also proper under 28 U.S.C. §1391(e)(Officer is federal employee)

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff filed complaints of retaliation Equal Employment Opportunity Commission Office of Federal Operations (EEOC OFO) received by the Commission in April 2017 and May 18, 2017, complaining of the acts of retaliation alleged herein.

8. The EEOC issued a Dismissal and Notice of Rights on June 8, 2017. Plaintiff files this complaint within 90 days after receiving a notice of right to sue from the EEOC.

9. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII. Jurisdiction of the Court is proper under §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3).

### III. FACTS

10. The following facts are intended to meet the pleading standard established by Rule 8 of Federal Rules of Civil Procedure an interpreted by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

11. Mr. Ybarra worked as a Deportation Officer with U.S. Immigration and Customs Enforcement's Fugitive Operations Unit ("ICE"), from on or near July 2008 until December 2014. He testified against Jorge Perry, Assistant Field Office Director for ICE, in August/September, 2014 during an investigation by ICE Internal Affairs out of Washington, D.C., and the Office of Professional Responsibility's, Ron Spivey. Jonas Ybarra, Jr., testified against Mr. Perry as a part of the administrative investigation by the Office of Professional Responsibility ("OPR") about Mr. Perry not having authorization to get weapons from the United States Army, misrepresenting himself as a Chief Executive Officer when he was an Assistant Field Officer, and about Mr. Perry selling gun parts from ICE. Jonas Ybarra, Jr., also provided testimony against Mr. Perry in an investigation accusing Mr. Perry of smuggling a M4 rifle on a commercial airliner.

12. Jonas Ybarra, Jr., was promised by the Office of Professional Responsibility, Ron Spivey, that there would be no retaliation for the offering of his testimony. Nevertheless, that is exactly what occurred. The agent that Mr. Ybarra testified against, Perry, and other agents Perry recruited, have sabotaged Mr. Ybarra's chances of obtaining employment. Mr. Ybarra has since been subjected to repeated attacks in his attempts to find gainful employment. Mr. Ybarra applied

for many jobs for which he possesses the requisite skill, experience, education, and training, but he has been unsuccessful in securing any work in law enforcement.

13. After Mr. Ybarra's role in the investigation of Jorge Perry, Mr. Ybarra was hired by the Texas Health and Human Services Commission on March 21, 2016 to serve in the position of Investigator VI. Mr. Ybarra possessed the requisite skill, experience, education and other job-related requirements for the position.

14. During the period between March 21, 2016 and June 23, 2016, ICE agents communicated with the Texas Health and Human Services Commission and falsely told them that Mr. Ybarra had lied on my job application as well as on his résumé.

15. On July 24, 2016, Texas Health and Human Services Investigator Jay Wong, employee for Adela Gonzalez spoke to Stephen Mock. Jonas Ybarra Jr., gave testimony against Stephen Mock on August, 2014, to the Office of Professional Responsibility. Stephen Mock made false and harmful responses to the questions asked by Jay Wong. Stephen Mock's statements against Mr. Jonas Ybarra Jr were in retaliation for the earlier testimony of Mr. Ybarra.

16. On July 28, 2014, Texas Health and Human Services Investigator Jay Wong, employee for Adela Gonzalez, spoke to Jorge Perry. Jonas Ybarra Jr., was a witness for the Office of Professional Responsibility investigation against Jorge Perry in a weapons violations case. Jorge Perry made false and harmful responses to the questions asked by Jay Wong. Jorge Perry's statements against Mr. Jonas Ybarra Jr were in retaliation for the earlier testimony of Mr. Ybarra.

17. Suspecting that federal ICE Agents and their confederates in the State employ were interfering with his employment, Mr. Ybarra began an investigation and determined as follows:

    a. Defendants, Jorge Perry, Fernando de la Luna and Mario Gomez were acting in concert to provide false and harmful statements to Texas Health and Human

        Services employees, Adela M. Gonzalez and Jay Wong, in order to damage Mr. Ybarra's reputation as a valuable employee;

b.    Defendants, Jorge Perry, Fernando de la Luna and Mario Gomez failed to disclose the likelihood that Jorge Perry was a biased party who should most likely not be considered a unprejudiced source of reference for Mr. Ybarra's employability, provided the investigation regarding Mr. Perry to which Mr. Ybarra provided testimony;

c.    Defendant Jay Wong attempted to discredit Mr. Ybarra's reputation by offering negative information that he admitted to having obtained through personal friends or contacts, without proper legal process; and

d.    Defendants Jay Wong and Adela M. Gonzalez have made it a practice of sharing negative information obtained improperly and of which they have no confirmation

18.    These actions and responses served as a pretext to wrongly terminate Mr. Ybarra's employment with Texas Health and Human Services on June 23, 2016. When Mr. Ybarra was fired he was not allowed to remove his personal possessions, including private documents from his office. With no authority at all, federal employee, Fernando de la Luna, with the aid of Adela M. Gonzalez and Jay Wong, took and never returned the personal property of Mr. Ybarra's. This wrongful conversion of sensitive personal items has compounded the problem of interfering with his employment opportunity.

### IV.    CAUSES OF ACTION

**CAUSE OF ACTION 1: EEO COMPLAINT AGAINST TEXAS HEALTH AND HUMAN SERVICES COMMISSION**

19.    Defendants, Adela M. Gonzalez and Jay Wong, who were, at all times relevant, State employees of the Texas Health and Human Services Commission retaliated against Plaintiff in the terms and conditions of his employment in violation of Title VII.

20. Plaintiff Jonas Ybarra, Jr., was retaliated against by Defendants, Adela M. Gonzalez and Jay Wong for engaging in activity protected by Title VII. On June 1, 2016, he reported that another employee was violating the commission office leave policy. Adela M. Gonzalez and Jay Wong retaliated against him by dismissing him on June 23, 2016. It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Title VII. Defendants, Adela M. Gonzalez and Jay Wong's decision to fire Mt. Ybarra was on account of his protected activity. Plaintiff Ybarra's dismissal would not have occurred in the absence of—but for—his reporting a timekeeping violation.

21. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

### CAUSE OF ACTION 2: 42 U.S.C SEC. 1985 CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS—INDIVIDUAL DEFENDANTS

22. Adela M. Gonzalez, Jay Wong, Jorge Perry, Fernando de la Luna and Mario Gomez acted in a conspiracy to interfere with Mr. Ybarra's Civil Rights including his liberty and property rights at his job with the following acts:

   a. Defendants, Jorge Perry, Fernando de la Luna and Mario Gomez were acting in concert to provide false and harmful statements to Texas Health and Human Services employees, Adela M. Gonzalez and Jay Wong, in order to damage Mr. Ybarra's reputation as a valuable employee;

   b. Defendants, Jorge Perry, Fernando de la Luna and Mario Gomez failed to disclose the likelihood that Jorge Perry was a biased party who should not be considered a source of reference for Mr. Ybarra's employability, provided the investigation regarding Mr. Perry to which Mr. Ybarra provided testimony;

7

    c.    Defendant Jay Wong attempted to discredit Mr. Ybarra's reputation by offering negative information that he admitted to having informally obtained through personal friends or contacts, without proper legal process;

    d.    Defendants Jay Wong and Adela M. Gonzalez are dangerously comfortable with sharing negative information obtained improperly and of which they have no confirmation; and

    e.    Defendants Jay Wong and Adela M. Gonzalez seized Plaintiff's sensitive personal property and refused to return said property to Plaintiff.

23.    Defendants, Jorge Perry, Fernando de la Luna and Mario Gomez conspired to prevent, by force, intimidation, or threat, Mr. Ybarra from accepting or holding any employment under the United States, and conspired to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, and injured his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties

24.    By committing these acts, Adela M. Gonzalez, Jay Wong, Jorge Perry, Fernando de la Luna and Mario Gomez violated 42 U.S.C. Sec. 1985.

**CAUSE OF ACTION 3: CLAIMS AGAINST FEDERAL EMPLOYEES PERRY, DE LA LUNA AND GOMEZ— PROHIBITED PERSONNEL PRACTICES ACT**

25.    Defendants Jorge Perry, Fernando de Luna, and Mario Gomez committed the following acts:

    a.    Defendants, Jorge Perry, Fernando de la Luna and Mario Gomez were acting in concert to provide false and harmful statements to Texas Health and Human

    Services employees, Adela M. Gonzalez and Jay Wong, in order to damage Mr. Ybarra's reputation as a valuable employee; and

  b. acted under the color of law to deceive and willfully obstruct Plaintiff with respect to his right to compete for employment, violation of the Prohibits Personnel Practices Act (5 USC § 2302(b)).

## CAUSE OF ACTION 4: CLAIMS AGAINST FEDERAL EMPLOYEES PERRY, DE LA LUNA AND GOMEZ — BIVENS

26. Defendants Jorge Perry, Fernando de Luna, and Mario Gomez were acting under color of federal law to deceive and willfully obstruct Plaintiff with respect to his right to compete for employment.

27. Defendants Jorge Perry, Fernando de Luna, and Mario Gomez acted "under color" of federal law as they misused the power they possesses by virtue of a federal law, in pursuit of purely personal objectives to deny Mr. Ybarra civil rights.

28. On July 28, 2014, Texas Health and Human Services Investigator Jay Wong, employee for Adela Gonzalez, spoke to Jorge Perry. Jonas Ybarra Jr., was a witness for the Office of Professional Responsibility investigation against Jorge Perry in a weapons violations case. Jorge Perry made false and harmful responses to the questions asked by Jay Wong. Jorge Perry's statements against Mr. Jonas Ybarra Jr were in retaliation for the earlier testimony of Mr. Ybarra.

29. Defendants, Jorge Perry, Fernando de la Luna and Mario Gomez were acting in concert to provide false and harmful statements to Texas Health and Human Services employees, Adela M. Gonzalez and Jay Wong, in order to damage Mr. Ybarra's reputation as a valuable employee;

9

30. Defendants, Jorge Perry, Fernando de la Luna and Mario Gomez failed to disclose the likelihood that Jorge Perry was a biased party who should most likely not be considered a unprejudiced source of reference for Mr. Ybarra's employability, provided the investigation regarding Mr. Perry to which Mr. Ybarra provided testimony;

## <u>CAUSE OF ACTION 5</u>: CLAIMS AGAINST STATE EMPLOYEES — 42 USC 1983

31. On July 24, 2016, Texas Health and Human Services Investigator Jay Wong, employee for Adela Gonzalez spoke to Stephen Mock. Jonas Ybarra Jr., gave testimony against Stephen Mock on August, 2014, to the Office of Professional Responsibility. Stephen Mock made false and harmful responses to the questions asked by Jay Wong. Stephen Mock's statements against Mr. Jonas Ybarra Jr were in retaliation for the earlier testimony of Mr. Ybarra.

32. On July 28, 2014, Texas Health and Human Services Investigator Jay Wong, employee for Adela Gonzalez, spoke to Jorge Perry. Jonas Ybarra Jr., was a witness for the Office of Professional Responsibility investigation against Jorge Perry in a weapons violations case. Jorge Perry made false and harmful responses to the questions asked by Jay Wong. Jorge Perry's statements against Mr. Jonas Ybarra Jr were in retaliation for the earlier testimony of Mr. Ybarra.

33. Defendant Jay Wong attempted to discredit Mr. Ybarra's reputation by offering negative information that he admitted to having obtained through personal friends or contacts, without proper legal process.

34. Defendants Jay Wong and Adela M. Gonzalez have made it a practice of sharing negative information obtained improperly and of which they have no confirmation.

35. With no authority at all, federal employee, Fernando de la Luna, with the aid of Adela M. Gonzalez and Jay Wong, took and never returned the personal property of Mr. Ybarra's.

## CAUSE OF ACTION 6: CONVERSION

36. When Mr. Ybarra was fired he was not allowed to remove his personal possessions, including private documents from his office. With no authority at all, federal employee, Fernando de la Luna, with the aid of Adela M. Gonzalez and Jay Wong, took and never returned the personal property of Mr. Ybarra's. This wrongful conversion of sensitive personal items has compounded the problem of interfering with his employment opportunity. Defendants Adela M. Gonzalez and Fernando de la Luna have taken Plaintiff's property belonging to Plaintiff, and converted the same to their own use, and have refused to return the property to Plaintiff. Plaintiff has requested that the items and property identified herein which were in Plaintiff's office, be returned to Plaintiff.

### V.  DAMAGES

37. Mr. Ybarra seeks damages for the emotional distress, mental anguish, humiliation, loss of dignity, physical pain, and lost wages she suffered as a result of Defendants' conduct.

38. Mr. Ybarra is entitled to actual, compensatory, and punitive damages.

### PRAYER AND RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court provide the award Plaintiff Jonas Ybarra, Jr. actual, compensatory, and punitive damages, in an amount to be determined at trial, against Defendants Adela M. Gonzalez, Jay Wong, Jorge Perry, Fernando de la Luna and Mario Gomez for claims arising under the U.S. Constitution and any other relief that this Court deems just and proper at law or in equity.

Respectfully Submitted,

*/s/ Ed Stapleton*

Ed Stapleton
Texas State Bar Number: 19058400
So. District No. 1501
2401 Wildflower Dr. Ste. C
Brownsville, Texas 78526
Telephone: (956) 504-0882
Fax: (956) 504-0814
Email:

**ATTORNEY FOR PLAINTIFF
JONAS YBARRA, JR.**